******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion. In no event will any such motions be accepted before the "officially released" date.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the electronic version of an opinion and the print version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest print version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears on the Commission on Official Legal Publications Electronic Bulletin Board Service and in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

ROBINSON, J., dissenting. I respectfully disagree with the majority's decision to reverse the judgment of the Appellate Court and direct that court to affirm the judgment of the trial court granting the application of the defendant, the White Oak Corporation, to confirm the arbitration award rendered in this highway construction dispute between the defendant and the plaintiff, the Department of Transportation. In my view, the Appellate Court properly determined that the arbitration panel lacked jurisdiction to render the award at issue because that award was predicated on claims that were barred by sovereign immunity, insofar as those claims were not properly before the panel pursuant to General Statutes § 4-61. See footnote 2 of the majority opinion. Ordinarily, I would write a comprehensive dissenting opinion with a thorough discussion of the applicable law and a detailed review of the record. The Appellate Court has, however, issued a comprehensive and well reasoned opinion, authored by Judge Gruendel, which provides a full explication of the complex record and governing legal principles in this case. See generally *Dept. of Transportation* v. *White Oak Corp.*, 141 Conn. App. 738, 62 A.3d 599 (2013). In the interest of aiding in the discharge of this court's institutional obligation to provide timely decisions to litigants and the public, I adopt Judge Gruendel's excellent opinion as a complete statement of my reasoning for respectfully dissenting from the judgment of this court. See, e.g., *Recall Total Information Management, Inc.* v. *Federal Ins. Co.*, 317 Conn. 46, 51, 115 A.3d 458 (2015) (per curiam) (adopting Appellate Court's "well reasoned opinion" as "the proper statement of the issue and the applicable law concerning that issue" because "it would serve no purpose for us to repeat the discussion contained therein").

Because I would affirm the judgment of the Appellate Court, I respectfully dissent.